# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

RECEIVED
2023 DEC
U.S. COURT OF APPEALS
FOURTH CIRCUIT
MB/
JC

| | |
|---|---|
| William A White<br><br>    Petitioner – Appellant<br><br>v.<br><br>Warden, FCI-Cumberland<br><br>    Respondent – Appellee | App No: 23-7116<br><br>Appeal From D Md Case No:<br>22-cv-2371-DKS |

## APPELLANT'S OPENING BRIEF

### Statement On Oral Argument

This appeal raises issues of first impression regarding the First Step Act's Earned Time Credits ("ETCs") under 18 USC §3624(g) and 18 USC §3632(d) and the Bureau of Prisons' ("BOP's") implementing regulations, 28 CFR §§2340 et seq. As this appeal raises issues of first impression, the Court may wish to hear oral argument.

### Table Of Contents

| | page |
|---|---|
| * Statement Of Jurisdiction | 1 |
| * Statement Of The Issues | 2 |
| * Factual And Procedural Background | 3 |
| * Standard Of Review | 7 |
| * Argument | 8 |

-i-

RECEIVED

2023 DEC -7 P 2: 36

U.S. COURT OF APPEALS
FOURTH CIRCUIT

## Table Of Contents

| | Page |
|---|---|
| I. The District Court Erred In Finding That Federal Inmates Have No Protected Liberty Interest In The Earning Of ETCs. | 8 |
| II. The District Court Erred In Finding That BOP Program Statement 5410.01 Permissibly Interprets 28 CFR § 523.40, et seq, Or In Considering Program Statement 5410.01 | 14 |
| A. The BOP's Shifting Reasoning Was Barred By The Chenery Doctrine | 14 |
| B. The District Court Deprived Me Of My Right To Be Heard By Considering Arguments Raised On Reply Without Ordering A Sur-Reply Or Additional Briefing | 15 |
| C. BOP PS 5410.01 Does Not Permissibly Interpret 28 CFR § 523.40, et seq. | 16 |

## Table Of Authorities

| Cases | page |
|---|---|
| * <u>Albers v. Ralston</u> 665 F2d 812 (8TH Cir 1991) | 10-11 |
| * <u>Bivens v. Six Unknown Named Agents Of The Federal Bureau Of Narcotics</u> 403 US 388 (1971) | 11 |
| * <u>Bloom v. Federal Bureau Of Prisons</u> 2020 US Dist LEXIS 76685 (D NJ 2020) ("Bloom 2020") | 11 |
| * <u>Bloom v. Federal Bureau Of Prisons</u> 2022 US Dist LEXIS 20624 (D NJ 2022) ("Bloom 2022") | 10-11 |
| * <u>Campbell v. Florian</u> 972 F 3d 385 (4TH Cir 2020) | 12 |
| * <u>Chevron USA, Inc v. NRDC, Inc</u> 467 US 837 (1984) | 5-6, 17 |
| * <u>Christensen v. Harris County</u> 529 US 576 (2000) | 17 |
| * <u>Clawson v. FedEx Ground Package Sys, Inc</u> 451 F Supp 2d 731 (D Md 2006) | 7 |
| * <u>Coe v. Armour Fertilizer Works</u> 237 US 413 (1915) | 15 |
| * <u>Colon v. Zickefause</u> 2013 US Dist LEXIS 175038 (D NJ 2013) | 11 |
| * <u>Cray Commc'ns v. Novatel Comput Sys, Inc</u> 33 F 3d 390 (4TH Cir 1994) | 7 |
| * <u>Dandridge v. United States</u> 2023 US Dist LEXIS 108302 (ED Va 2023) | 10 |
| * <u>Davis v. SSA</u> 741 Fed Appx 952 (4TH Cir 2018) | 15 |
| * <u>De Simone v. USC Pharms, Inc</u> 36 F 4TH 518 (4TH Cir 2022) | 7 |
| * <u>DHS v. Regents Of The Univ Of Cal</u> 140 SCt 1891 (2020) | 14 |
| * <u>Driscoy. Williams</u> 2015 US Dist LEXIS 114213 (D NJ 2015) | 11 |
| * <u>FDIC v. Cashion</u> 720 F 3d 169 (4TH Cir 2013) | 15 |
| * <u>Fiorito v. Fikes</u> 2022 US Dist LEXIS 200206 (D Mn 2022) | 6, 8-11, 13 |
| * <u>Fiorito v. Southwick</u> 2023 US Dist LEXIS 63802 (8TH Cir 2023) | 6 |

Table Of Authorities

Cases                                                                                        page

* <u>Fogle v. Pierson</u> 435 F3d 1252 (10TH Cir 2006)                                    12

* <u>GTE South, Inc v. Morrison</u> 199 F3d 733 (4TH Cir 1999)                            14

* <u>Hendley v. Weaver</u> 2021 US Dist LEXIS 42482 (EDAr 2021)                              10

* <u>Holloway v. Maryland</u> 32 F4TH 293 (4TH Cir 2022)                               7

* <u>Holman v. Cruz</u> 2008 US Dist LEXIS 100936 (DMn 2008)                                 10

* <u>Holman v. Cruz</u> 2008 US Dist LEXIS 115731 (DMn 2008) (R+R)                           10

* <u>Huihui v. Derr</u> 2023 US Dist LEXIS 106532 (DHi 2023)                                 16

* <u>Island Creek Coal Co v. Henline</u> 456 F3d 421 (4TH Cir 2006)                       14

* <u>Joint Anti-Fascist Refugee Com v. McGrath</u> 341 US 123 (1951)                         15

* <u>Kerns v. United States</u> 585 F3d 187 (4TH Cir 2009)                                15

* <u>Komando v. Luna</u> 2023 US Dist LEXIS 11477 (D NH 2023)                                9

* <u>Lennear v. Wilson</u> 937 F3d 257 (4TH Cir 2019)                                     7-8

* <u>Lynce v. Mathis</u> 137 LEd 2d 63 (1997)                                                8, 13

* <u>Malchi v. Thaler</u> 211 F3d 953 (5TH Cir 2000)                                      12

* <u>Mallette v. Arlington County Employees' Supplemental Retirement
  System II</u> 91 F3d 630 (4TH Cir 1996)                                                16

* <u>Marx v. Gen Revenue Corp</u> 568 US 371 (2013)                                         9

* <u>Matthews v. Eldridge</u> 424 US 319 (1976)                                             15

* <u>Mills v. Holmes</u> 95 F Supp 3d 924 (ED Va 2015)                                      12

* <u>Monroe v. Bryan</u> 487 F Appx 19 (3RD Cir 2012)                                    11

* <u>Montgomery v. Anderson</u> 262 F3d 641 (7TH Cir 2001)                               12

* <u>Moorman v. Thalacker</u> 83 F3d 970 (8TH Cir 1996)                                  10

Table Of Authorities

| Cases | page |
|---|---|
| * Patel v. Barron 2023 US Dist LEXIS 174601 (WD Wa 2023) | 16 |
| * Plyler v. Moore 129 F3d 728 (4TH Cir 1997) | 8,13 |
| * Ragin v. Garland 19 F4TH 437 (4TH Cir 2021) | 18 |
| * Rodriguez-Ramos v. Federal Bureau Of Prisons 2015 US Dist LEXIS 140203 (D NJ 2015) | 11 |
| * Roseboro v. Garrison 528 F3d 329 (4TH Cir 1975) | 4 |
| * Rowe v. Fauver 533 F Supp 1239 (D NJ 1982) | 11 |
| * Scolino v. City of Newport News 480 F3d 642 (4TH Cir 2007) | 15-16 |
| * SEC v. Chenery Corp 318 US 90 (1943) | 14-15 |
| * Skidmore v. Swift & Co 323 US 134 (1944) | 17 |
| * Stepp v. Thompson 2022 US Dist LEXIS 202725 (MD Pa 2022) | 9 |
| * Thorpe v. Clarke 37 F4TH 926 (4TH Cir 2022) | 13,15 |
| * United States v. Daniels 2021 US Dist LEXIS 139681 (WD Ok 2021) | 18 |
| * United States ex rel Carter v. Halliburton Co 612 Fed Appx 180 (4TH Cir 2015) | 15 |
| * United States v. Tucker 60 F4TH 879 (4TH Cir 2023) | 8 |
| * United States v. Wheeler 886 F3d 415 (4TH Cir 2018) | 1 |
| * White v. Warden, Federal Correctional Institution-Cumberland 2023 US Dist LEXIS 133608 (D Md 2023) | 5-6,8, 17 |
| * Wikimedia Found v. NSA/Central Sec Serv 14 F4TH 276 (4TH Cir 2021) | 18 |
| * Wilson v. Jones 430 F3d 1113 (10TH Cir 2005) | 12 |
| * Wolff v. McDonell 418 US 539 (1974) | 10 |

## Table Of Authorities

### Cases        page

* Yates v. United States 574 US 528 (2015)    18

* Yufenyuy v. Warden, FCI-Berlin 2023 US Dist LEXIS 40186 (DNH 2023)    16


### Statutes

* 18 USC §3624 (g)    3, 10

   * 18 USC §3624 (g)(1)(0)    9

* 18 USC §3632 (d)    3, 12

   * 18 USC §3632 (d)(4)    9

   * 18 USC §3632 (d)(4)(0)    9-10

* 28 USC §1291    1

* 28 USC §1331    1

* 28 USC §2241    1

* 28 USC §2255(e)    1


### Rules

* Fed. R. App. P. 4(a)(1)(B)    1

* Fed. R. App. P. 4(a)(5)    1

* D.Md. Local Civ. Rule 105(2)(a)    5, 15-16


### BOP Program Statements

* BOP PS 5410.01    4, 14, 16-18

## Table Of Authorities

### Regulations        Page

* 28 CFR §523.40, etseq      14,16

* 28 CFR §523.41 (c)      4-5,17

* 28 CFR §523.41(c)(4)(i)      3-5

* 28 CFR §523.41 (c)(4)(ii)      17-18

* 28 CFR §523.42(a)      16


### US Const Amendments

* US Const Amend V      8

## Statement Of Jurisdiction

1) The instant petition for writ of habeas corpus was filed September 12, 2022. Doc 1. The District of Maryland had jurisdiction to hear the petition pursuant to 28 USC §1331, §2255(e) and §2241, et seq. <u>United States v. Wheeler</u> 886 F3d 415 (4th Cir 2018). Judgment was rendered in favor of the Respondent July 31, 2023. Doc 12-13. I timely filed a motion to extend the time to appeal, which was granted, and timely filed a notice of appeal. Doc 14-16. This Court has jurisdiction over this appeal pursuant to 28 USC §1291 and Fed. R. App. P. 4(a)(1)(B) and (a)(5).

USCA4 Appeal: 23-7116    Doc: 5    Filed: 12/07/2023    Pg: 9 of 29

## Statement Of The Issues

2) This appeal raises the following issues:

I. The District Court erred in finding that federal inmates have no protected liberty interest in the earning of ETCs.

II. The District Court erred in finding that BOP Program Statement 5410.01 permissibly interprets 28 CFR §523.40, et seq, or, in considering Program Statement 5410.01

A. The BOP's shifting reasoning was barred by the Chenery doctrine.

B. The District Court deprived me of my right to be heard by considering arguments raised on reply without ordering a sur-reply or additional briefing.

C. BCP PS 5410.01 does not permissibly interpret 28 CFR § 523.40, et seq.

## Factual And Procedural Background

3) On July 21, 2022, I was transferred from the Federal Correctional Institution ("FCI")—Terre Haute to the Federal Transfer Center ("FTC")—Oklahoma, where I was held in the Special Housing Unit ("SHU"). Docket Number ("Doc") 1 para 5. On July 25, 2022, I was transferred from FTC-Oklahoma to FCI-Cumberland, where I was placed in SHU "pending bedspace." Doc1 para 6. I was released to general population August 22, 2022. Doc1 para 6.

4) At the time the instant petition was filed, I had been denied approximately 10 days of Earned Time Credits ("ETCs") under 18 USC §3624(g) and §3632(d) for the period July 21, 2022, to August 22, 2022, based on the then Bureau of Prisons ("BOP") policy that federal inmates cannot earn ETCs while in the SHU on administrative detention status, 28 CFR §523.41(c)(4)(i). Doc1 para 7. Based on this denial, I filed this instant petition for writ of habeas corpus on September 12, 2022. Doc1. Init. I argued that I was denied ETCs without Due Process. Doc1 para 11-16.

5) Response was ordered September 20, 2022. Doc2. On October 8, 2022, Crystal Carter, the Warden of FCI-Cumberland, filed a Motion to Dismiss Or In The Alternate For Summary Judgment. Doc3. In this motion, Carter raised three grounds for dismissal and/or summary judgment:
(a) that I failed to exhaust administrative remedies,
(b) that I was not eligible to apply my ETCs, and,
(c) that I was properly denied ETCs because I "was not in qualifying ad-

USCA4 Appeal: 23-7116    Doc: 5    Filed: 12/07/2023    Pg: 11 of 29

mittance status" and/or was in SHU pursuant to 28 CFR §523.41(c), Doc3-1 p.12. The last argument had no development, no effort was made to show that 28 CFR §523.41(c) barred an inmate in transit from earning ETCs, and, had no discussion of Due Process. At this time, the BOP Program Statement ("PS") stating that inmates in transit could be denied ETCs, had not been issued. ( It is BOP PS 5410.01 and it was issued November 18, 2022)

6) I responded to the Motion to Dismiss in November 2022. Doc5. In my response, I addressed the argument that I failed to exhaust administrative remedies. Doc5 para 3-8. I noted that Carter never actually applied her summary judgment argument (Doc3-1 p.6-7) to her argument that I failed to exhaust (Doc3-1 p.7-9). Doc5 para 9. I also noted that, at the time I made my motion, I had not been served with a Roseboro v. Garrison 528 F3d 329 (4th Cir 1975) notice. Doc5 para 10. I noted that I was not seeking application of my ETCs (i.e., immediate release) but their correct calculation. Doc5 para 11-12. And, I noted the failure of Carter to develop any argument in favor of upholding 28 CFR §523.41(c). Doc5 para 13.

7) On December 28, 2022, Carter filed her Reply. Doc8. In this Reply, Carter stated that the BOP was changing its administrative position. Doc8 p.2. It raised BOP PS 5410.01 for the first time. Doc8 p.10. And, it only raised BOP PS 5410.01 in the context of implementing 28 CFR §523.41(c)(4)(i), regarding SHU confinement, and, not regarding transit status. Doc8 p.11-12. It still did not address the Due

USCA4 Appeal: 23-7116    Doc: 5    Filed: 12/07/2023    Pg: 12 of 29

Process argument, and, asked the Court to apply _Chevron USA, Inc v. NRDC, Inc_ 467 US 837 (1984) deference to policy decisions it was still in the process of making. Doc8 p.2, 4-6, et al. It concluded that it was interpreting 28 CFR §523.41(c)(4)(i) to apply only to SHU inmates who had received Due Process (and were thus on disciplinary segregation status). Doc8 p.11.

8) On February 20, 2023, I moved the Court for Leave to Supplement My Response with new facts from the BOP having twice recalculated my ETCs since the petition had been filed. Doc9. I noted that the Court could not consider the petition moot until I had actually received relief. Doc9 para 5. And, I noted that raising new arguments on reply (particularly as I was barred from filing a sur-reply, D.Md. Local Civil Rule 105(2)(a)) denied me my right to be heard. Doc9 para 6.

9) On March 3, 2023, the respondent filed without leave a supplemental reply stating that it had restored to me all ETCs except for the one day ETC I would have earned July 22 to 24, 2022. Doc10. It stated that it was withholding this ETC pursuant to BOP PS 5410.01 and the fact I was in transit status at FTC-Oklahoma on those days. Doc10 p.2.

10) On July 31, 2023, the Court decided the case without additional briefing. Doc 12-13. It first found that Carter had failed to prove failure to exhaust. _White v. Warden, Federal Correctional Institution-Cumberland_ 2023 US Dist

LEXIS 133608 (D Md 2023), LEXIS p. 8·14. It also ruled that the petition was not moot. White LEXIS p. 21-22. It refused to enforce the rules on waiver White LEXIS n.5. It then found that the new BOP policy, published after the start of this litigation, of denying federal inmates ETCs while in transit was both entitled to Chevron deference and a "permissible construction of the statute." White LEXIS p.23-25. It then followed the District of Minnesota in Fiorito v. Fikes 2022 US Dist LEXIS 200206 (D Mn 2022) appeal mooted subnom Fiorito v. Southwick 2023 US Dist LEXIS 63802 (8TH Cir 2023) in ruling that federal prisoners have no "liberty interest in the opportunity to earn[E]TCs", and, thus, no Due Process protections apply to their denial. White LEXIS p.25·30.

11) I never received the Court's Order of Judgment and only learned of it October 1, 2023. Doc14. I moved for an extension of time to appeal, which was granted Doc14, 16. And, I filed my notice of appeal October 26, 2023. Doc 15.

USCA4 Appeal: 23-7116    Doc: 5    Filed: 12/07/2023    Pg: 14 of 29

<u>Standard Of Review</u>

12) This Court "review[s] de novo the district court's order granting a motion to dismiss and denying habeas corpus review." <u>Holloway v. Maryland</u> 32 F 4TH 293 (4TH Cir 2022); <u>Lennear v. Wilson</u> 937 F 3d 257 (4TH Cir 2019).

13) This Court reviews a district court's decision to consider a new argument raised on reply or to allow or disallow a sur-reply for abuse of discretion. <u>De Simone v. USC Pharms, Inc</u> 36 F 4TH 818 (4TH Cir 2022) citing <u>Clawson v. Fed Ex Ground Package Sys, Inc</u> 451 F Supp 2d 731 (D Md 2006), <u>Cray Comm- c'ns v. Novatel Comput Sys, Inc</u> 33 F3d 390 (4TH Cir 1994).

<u>Argument</u>

**I. The District Court Erred In Finding That Federal Inmates Have No Protected Liberty Interest In The Earning Of ETCs**

14) "The Fifth Amendment declares no person 'shall be... deprived of... liberty... without due process of law." <u>United States v. Tucker</u> 60 F 4ᵀᴴ 879 (4ᵀᴴ Cir 2023) citing US Const Amend V. Prisoners have a liberty interest in the good time credits they have earned. <u>Lennear</u>. In evaluating whether or not prisoners have a liberty interest in a program's credits, the question is whether denial of the credits has "the effect of lengthening petitioner's period of incarceration" and not whether "the provision is' in some technical sense part of the sentence." <u>Plyler v. Moore</u> 129 F 3d 728 (4ᵀᴴ Cir 1997), <u>Lynce v. Mathis</u> 137 LEd 2d 63 (1997).

15) In this matter, the District Court adopted uncritically the District of Minnesota's finding in <u>Fiorito v. Fikes</u> 2022 US Dist LEXIS 200206 (D Mn 2022) that federal prisoners do not have a liberty interest in their ETCs (called FTCs in <u>Fiorito</u>). White <u>LEXIS</u> p. 26-30. <u>Fiorito</u> involved three joindered habeas petitions raising numerous claims, one of which was that <u>Fiorito</u> was wrongfully deprived of ETCs after having been placed in SHU without Due Process

16) The District of Minnesota noted in <u>Fiorito</u> that Fiorito had failed to reply to the respondent's arguments. <u>Fiorito</u> <u>LEXIS</u> p. 1-3, 7. It thus found that "the arguments and the evidence submitted by respondents in opposition to the habeas petitions have gone unrebutted. This is a problem for Fiorito..." <u>Fiorito</u> <u>LEXIS</u> p. 7-8

17) The District of Minnesota then based its opinion in _Fiorito_ on a mis-statement of the law, namely that the BOP was not required to apply ETCs to supervised release. _Fiorito_ LEXIS p.15-17. Fiorito argued correctly that "the BOP is required... to apply any FTCs (up to credit for 12 months) to accelerate the date on which the prisoner is transferred to supervised release", but the District of Minnesota incorrectly found that "Fiorito provides no support for the assertion and the Court has not located any such limitation in the relevant statute or regulation." _Fiorito_ n.6.

18) In making its determination that the BOP is not required to apply the first 365 days of ETCs to an inmate's sentence, the District Court relied on 18 USC §3624(g)(1)(D)'s statement of how the credits "may" be applied. But, interpretation of a statutory schema may not "render superfluous another part of the same statutory schema." _Marx v. Gen Revenue Corp_ 568 US 371 (2013). And, the language of 18 USC §3632(d)(4) is very clear. 18 USC §3632(d)(4) states that eligible federal prisoners "shall earn time credits" and 18 USC §3632(d)(4)(d) states that "[t]ime credits... shall be applied toward time in prerelease custody or supervised release." "The provision's use of the mandatory term 'shall' places a duty on the BOP to apply credits and to transfer prisoners either to supervised release or to prerelease custody." _Komando v. Luna_ 2023 US Dist LEXIS 11477 (D NH 2023) citing _Stepp v. Thompson_ 2022 US Dist LEXIS 202725 (MD Pa 2022). "Use of the word 'toward' means that credits can be applied to bring 'time in prerelease custody or supervised release' closer to occurring because credits applied 'toward' something generally

USCA4 Appeal: 23-7116    Doc: 5    Filed: 12/07/2023    Pg: 17 of 29

mean to bring that something closer to happening." Dandridge v. United States 2023 US Dist LEXIS 108302 (EDVa 2023) 18 USC § 3632 (d)(4)(C) then goes onto say that "The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." These statutory provisions, read together, require the BOP to transfer an eligible prisoner to supervised release for a number of days, up to 365, equal to the number of ETCs the prisoner has accumulated.

19) The District of Minnesota then found a supposed "general rule that the loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest, Fiorito citing Hendley v. Weaver 2021 US Dist LEXIS 42482 (ED Ar 2021), Holman v. Cruz 2008 US Dist LEXIS 100936 (D Mn 2008) adopting Holman v. Cruz 2008 US Dist LEXIS 115731 (D Mn 2008) (R+R), Bloom v. Federal Bureau of Prisons ("Bloom 2022") 2022 US Dist LEXIS 20624 (D NJ 2022). These cases generally don't support such a rule.

20) While Hendley involved a due process claim, Hendley never contested the respondent's motion for summary judgment and the Court's opinion either doesn't address it or addresses it only in the context of a race discrimination claim brought by Hendley. Hendley LEXIS p 3, 12.

21) In Holman, the District of Minnesota, citing Wolff v. McDonell 418 US 539 (1974), Moorman v. Thalacker 83 F3d 970 (8TH Cir 1996), Albers v. Ralston 665 F 2d 812 (8TH

Cir 1981), assumed that Holman did have a liberty interest in his good conduct time earning class and then found that he did receive Due Process, so, this case stands for the opposite principle it was used for in Fiorito.

22) Bloom 2022 involved an action under Bivens v. Six Unknown Named Agents Of The Federal Bureau Of Narcotics 403 US 388 (1971); its factual basis is found at Bloom v. Fed Bureau Of Prisons 2020 US Dist LEXIS 76685 (DNJ 2020) ("Bloom 2020") In Bloom 2020 and Bloom 2022, Bloom argued that his incorrect designation as a sex offender prevented his transfer to a minimum security camp or home confinement and made him ineligible for "compassionate release under the First Step Act." Bloom 2020. Because the BOP's internal designation of an inmate as a sex offender does not make an inmate ineligible to apply ETCs, its not clear what provision of the First Step Act Bloom 2020 or Bloom 2022 refers to. However, the District Court did rule, probably incorrectly - though one can't tell because there's no clear reference to what's being discussed, that "prisoners have no constitutionally protected liberty interest in an opportunity to earn additional good time or similar credits." Bloom 2022 citing Bowe v. Fauver 533 F Supp 1239 (DNJ 1982), Rodriguez-Ramos v. Federal Bureau Of Prisons 2015 US Dist LEXIS 140203 (DNJ 2015). Drisco v. Williams 2015 US Dist LEXIS 114213 (DNJ 2015); Colon v. Zickefoose 2013 US Dist LEXIS 175038 (DNJ 2013) and Monroe v. Bryan 487 F Appx 19 (3rd Cir 2012).

23) The Seventh Circuit has made it clear that a prison inmate has a liberty interest

USCA4 Appeal: 23-7116    Doc: 5    Filed: 12/07/2023    Pg: 19 of 29

not just in time credits he has already earned but in his "credit earning class." Montgomery v. Anderson 262 F3d 641 (7th Cir 2001). The Tenth Circuit has applied the Seventh Circuit's reasoning to the state of Oklahoma's prison system. Wilson v Jones 430 F3d 1113 (10th Cir 2005). But, it treated the Colorado prison system differently. Fogle v. Pierson 435 F3d 1252 (10th Cir 2006). The Fifth Circuit, meanwhile, has found no liberty interest in assignment to a credit earning class in the Texas prison system. Malchi v. Thaler 211 F3d 953 (5th Cir 2000).

24) The Eastern District of Virginia, considering the rulings of Montgomery, Wilson, Fogle and Malchi, found that the question is whether the award of credit or designation of a credit earning class is mandatory and based on statutory right, as in Montgomery or Wilson, or discretionary, as in Fogle or Malchi. Mills v. Holmes 95 F Supp 3d 924 (EDVa 2015).

25) In the case of ETCs, the designation of a prisoner to a certain recidivism level, minimum, low, medium or high, is comparable to the kind of exercise of discretion found in Fogle or Malchi. It is multi-factor and based on a risk and needs assessment tool that is statutorily mandated but whose criteria are not dictated by statute. However, the earning of 10 ETCs per 30 days dictated by 18 USC §3632-(d) is the kind of entitlement found in Montgomery or Wilson. And, this schema is most comparable in this Circuit to the South Carolina system of time credits described in Campbell v. Florian 972 F3d 385 (4th Cir 2020). There, certain crimes of conviction are barred from receiving certain time credits. But, there has never

been a question that those inmates who are statutorily eligible for the additional time credits have a liberty interest in earning them. And, when South Carolina first made certain crimes of conviction ineligible to receive a six-month end of sentence furlough, this Court didn't hesitate to find a liberty interest in receiving that time credit. Plyler citing Lynce.

26) This Court also faced a similar issue in Thorpe v. Clarke 37 F 4TH 926 (4TH Cir 2022). There, the state of Virginia barred inmates in supermax conditions from earning good conduct time credits, and this Court found that that fact, in conjunction with other atypical and significant hardships, created a liberty interest for prisoners in avoiding transfer to Virginia's super max prisons. Thorpe.

27) Here, by following Fiorito in misunderstanding the mandatory nature of the award and application of ETCs, the District Court misapplied precedent and erroneously found no liberty interest in ETCs and no due process necessary before a prisoner can be deprived of them. This ruling is contrary to law and precedent and should be reversed.

## II. The District Court Erred In Finding That BOP Program Statement 5410.01 Permissibly Interprets 28 CFR §523.40, et seq. Or In Considering Program Statement 5410.01

### A. The BOP's Shifting Reasoning Was Barred By The Chenery Doctrine.

28) The Chenery doctrine provides that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." SEC v. Chenery Corp 318 US 90 (1943); Island Creek Coal Co v. Henline 456 F 3d 421 (4TH Cir 2006). This means that an administrative order cannot "be upheld on an alternative ground not relied on by the agency." GTE South, Inc v. Morrison 199 F 3d 733 (4TH Cir 1999). And, an agency must "defend its action based on the reasons it gave when it acted." DHS v Regents Of The Univ of Cal 140 SCt 1891 (2020).

29) Here, the BOP initially denied me the 1 ETC still at issue solely because I was being held in SHU. Doc 1 p. 3 para 7. After this litigation was filed, it also asserted that I was denied this credit because I was in transit. Doc 3-4 p. 28. But, it did not argue that its deprivation of that time credit for being in transit was proper in its initial response. Doc 3-1 p. 12. Nor did it mention the BOP Program Statement ("PS") on which it eventually relied, as that PS, 5410.01, was not published until three weeks after Carter filed her initial motion to dismiss. Doc 3-1.

30) Because the BOP did not and could not have relied on the "in transit" rationale it

eventually relied on to justify deprivation of the instant one ETC, as BOP PS 5410.01 is the first document to state this policy and it did not exist and was not policy when the decision to deprive me of that ETC was taken in July 2022, the Court violated the _Chenery_ doctrine by considering and ultimately founding its opinion on this post hoc rationale.

B. The District Court Deprived Me Of My Right To Be Heard By Considering Arguments Raised On Reply Without Ordering A Sur-Reply Or Additional Briefing

31) The District of Maryland's Local Rules of Civil Procedure bar sur-replies and filings beyond the reply "unless otherwise ordered by the Court." D.Md. Local Civ. Rule 105(2)(a). In similar situations, this Court has found arguments first presented to the District of Maryland on reply or sur reply to be waived. _Davis v. SSA_ 741 Fed Appx 952 (4ᵀᴴ Cir 2018); _FDIC v. Cashion_ 720 F3d 169 (4ᵀᴴ Cir 2013); _United States ex rel Carter v. Halliburton Co_ 612 Fed Appx 180 (4ᵀᴴ Cir 2015). And, while the Court has not ruled directly on the issue, other litigants have interpreted this rule to bar sur-replies even when issues are first raised on reply. See, eg, _Kerns v. United States_ 585 F3d 187 (4ᵀᴴ Cir 2009)

32) "[N]otice and an opportunity to respond," the right to be heard, are "the most foundational due process guarantees." _Thorpe_; _Matthews v. Eldridge_ 424 US 319 (1976). Entry of judgment against a party without allowing that party to be heard violates Due Process _Joint Anti-Fascist Refugee Com. v. McGrath_ 341 US 123 (1951); _Coe v. Armour Fertilizer Works_ 237 US 413 (1915); _Scolino v. City of Newport News_ 480 F3d 642 (4ᵀᴴ

USCA4 Appeal: 23-7116    Doc: 5    Filed: 12/07/2023    Pg: 23 of 29

Cir 2007); Malletter. Arlington County Employees' Supplemental Retirement System II 91 F3d 630 (4TH Cir 1996).

33) Here, in its initial motion to dismiss, the United States never argued the due process issue, never argued that 28 CFR § 523.40, et seq. correctly interpreted the First Step Act's statutory schema for the award of ETCs. and never mentioned BOP PS 5410.01. Doc 3-1. It started to mention some of these things in its reply, Doc 8, then asserted it would rely on them in a post-briefing memo, filed without leave, Doc 10. DMd Local Civ. Rule 105(2)(a) clearly barred me from sur-replying unless ordered by the Court, and, there was no such order entered. In my motion to supplement, Doc 9, which was based on new facts (and never-adjudicated), I specifically invoked waiver. Yet, the District Court specifically considered arguments on which I was not permitted to be heard (and which were made without leave of the Court.) White n.5. This violated my Due Process rights of notice and an opportunity to be heard, and, that merits reversal.

C. BOP PS 5410.01 Does Not Permissibly Interpret 28 CFR § 523.40, et seq

34) 28 CFR § 523.40, et seq. do not prevent a federal inmate from earning ETCs while in transit, and, three federal courts have thrown out a portion of BOP PS 5410.01 which the BOP claimed did. Yufenyuy v. Warden, FCI-Berlin 2023 US Dist LEXIS 40186 (DNH 2023); Huihui v. Derr 2023 US Dist LEXIS 106532 (D Hi 2023), Patel v. Barron 2023 US Dist LEXIS 174601 (WD Wa 2023). Those cases, however, saw the BOP argue that 28 CFR § 523.42(a) justified the policy.

Here, in Doc 10, the BOP pointed to PS 5410.01, which justifies the practice as an implementation of 28 CFR § 523.41 (c)(4)(ii), and, in Doc 8 p.4-6, it argued that "the BOP is afforded Chevron deference in its application of 28 CFR § 523.41(c), which didn't mention BOP PS 5410.01 and also mis-states the law.

35) The District of Maryland adopted the reasoning of the late-filed Doc 10 in White LEXIS p.23-25. It also more correctly stated that 28 CFR § 523.41 (c)(4)(ii) is due Chevron deference while BOP PS 5410.01 is only given weight insofar as it has the power to persuade. Christensen v. Harris County 529 US 576 (2000); Skidmore v. Swift & Co 323 US 134 (1944).

36) The District Court also did not fully cite 28 CFR § 523.41 (c)(4)(ii), which states that an inmate is not "successfully participating" for purposes of earning ETCs when in "designation status outside the institution (e.g. for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.)" 28 CFR § 523.41 (c)(4)(ii) does not define "the institution" or state that a person temporarily designated to a transfer institution is not "successfully participating." That definition first appears in BOP PS 5410.01 p.11, which states that an inmate "in transit or at an in-transit facility" is not "successfully participating." Thus, the policy of denying inmate's credit while in transit is not entitled to deference.

37) 28 CFR § 523.41(c)(4)(ii) defines "outside the institution" with a list of examples, so its meaning must be constructed noscitur a sociis. "[T]he principle of noscitur

−17−

USCA4 Appeal: 23-7116     Doc: 5     Filed: 12/07/2023     Pg: 25 of 29

a sociis" is that "a word is known by the company it keeps." <u>Wikimedia Found v. NSA/Central Sec Serv</u> 14 F 4TH 276 (4TH Cir 2021) citing <u>Yates v. United States</u> 574 US 528 (2015). When a list of examples are provided, other meanings of a term must be "similar to the ones on the list." <u>Ragin v. Garland</u> 19 F 4TH 437 (4TH Cir 2021). Here, the examples given of "designation outside the institution" involve designation to a hospital, an institution outside the BOP, on a trip outside of the BOP, or on furlough to the community. None of these examples involve designation to a BOP facility of any kind, including transit or administrative facilities. Because the list of examples given only names non-BOP facilities, the BOP could not reinterpret that to mean certain classes of BOP facilties, like the Oklahoma City FTC. see, eg. <u>United States v. Daniels</u> 2021 US Dist LEXIS 139681 (WDOK 2021) (FTC Oklahoma is a BOP facility).

38) Because BOP PS 5410.01 impermissibly expands 28 CFR § 523.41 (c)(4)(ii) and is not entitled to deference, the District Court erred in upholding it.

USCA4 Appeal: 23-7116    Doc: 5    Filed: 12/07/2023    Pg: 26 of 29

## Conclusion

39) This Court should reverse the District Court's order of dismissal and direct the District Court to enter judgment in my favor, as well as provide me with any other just relief.

Respectfully Submitted,

William A White # 13888-084
FCI-Cumberland
PO Box 1000
Cumberland, MD 21501

## CERTIFICATE OF SERVICE

I hereby certify that this Appellant's Opening Brief was mailed, 1ST Class Postage Prepaid, to the Clerk of the Court and the US Attorney's Office for the District of Maryland, this ___27th___ day of November, 2023.

William A White.

I hereby aver under penalty of perjury this ___27th___ day of November, 2023, that this certification is true and correct.

William A White

-19-

William A White #13888-084
Federal Correctional Institution - Cumberland
PO Box 1000
Cumberland, MD 21501



13888-084
Clerk-Fourth Circuit Ct
1100 E MAIN ST
Suite 501
Richmond, VA 23219
United States

LEGAL MAIL

RECEIVED
U.S. MARSHALS

FEDERAL CORRECTIONAL INSTITUTION
14601 BURBRIDGE ROAD, SE
CUMBERLAND, MARYLAND 21502

THE ENCLOSED LETTER WAS PROCESSED
THROUGH SPECIAL MAILING PROCEDURES
FOR FORWARDING TO YOU. THE LETTER HAS
BEEN NEITHER OPENED NOR INSPECTED.
IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN
THE MATERIAL FOR FURTHER INFORMATION
OR CLASSIFICATION. IF THE WRITER
ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE,
PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.