

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Beatrice C. Thomas*
*Assistant United States Attorney*
*beatrice.thomas@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4848*
*MAIN: 410-209-4800*
*FAX: 410-962-9947*

September 23, 2025

**VIA CM/ECF**
Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re: *William White v. Warden, Federal Correctional Institution –*
*Cumberland*, No. 23-7116 (4th Cir.) (Argued Sept. 9, 2025)

Dear Ms. Anowi:

I write in response to the September 17, 2025 letter from counsel for Mr. White. The authorities cited in their letter – *Wiener v. AXA Equitable Life Ins. Co.,* 58 F.4th 774 (4th Cir. 2023) and *United States v. Spivey,* 129 F. App'x 856 (4th Cir. 2005) do not support reversal of the district court as this case does not involve a waived issue.

Appellant repeatedly asserts, on brief, at oral argument, and via letter, that the Government waived certain issues. On brief, Appellant claimed the Government waived any response to his due process defense because it was not addressed in the district court. At oral argument, for the first time, he contended that the Government waived any argument regarding "successful participation" because "White was willing and able to participate." Appellant maintained that the "Government 'deliberately steered the District Court' toward a different interpretation of 'successful participation' than it advanced on appeal.'" Doc. 39 at 2. Accordingly, Appellant determines that the Government waived the argument.

Appellant is incorrect. The Government has not waived its argument regarding "successful participation." The Government repeatedly addressed "successful participation" in the record before the lower court which Appellant

points out.  *See* J.A. 77, 98, 140-47.  Also, the Government spent a significant portion of its brief addressing "successful participation."  Doc. 33, at 33-51.

Notably, Appellant never says that he was "willing and able" to participate. Instead, Appellant states, "To earn ETCs, a prisoner needs to do little more than be in the BOP and not refuse programming."  J.A. 8.  *Id.*  In response to the Government's motion, Appellant states, "Here, I challenge the constitutionality of 28 C.F.R. § 523.41(c)'s bar on me earning ETCs while in the SHU."  J.A. 132.  The Government has been clear – Appellant is not entitled to ETCs while in transfer status because he was not "successfully participating" in EBRRs or PAs since he was in opt-out status in accordance with 28 C.F.R. § 523.41(c).  As this Court has adeptly stated, the crux of "Earned Time Credits" is "earned."  And Appellant has not done so here.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/ Beatrice C. Thomas
Beatrice C. Thomas
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with Federal Rule of Appellate Procedure

28(j) because it contains 341 words in the body of the letter.

/s/ Beatrice C. Thomas
Beatrice C. Thomas
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Beatrice C. Thomas
Beatrice C. Thomas
Assistant United States Attorney