No. 23-7116

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

## WILLIAM WHITE

### Petitioner-Appellant,

v.

## WARDEN, FEDERAL CORRECTIONAL INSTITUTION – CUMBERLAND,

### Respondent-Appellee

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (No. 22-cv-02371-DKC (Chasanow, J.)

---

## RESPONDENT-APPELLEE'S OPPOSITION TO
## PETITION FOR REHEARING AND REHEARING EN BANC

---

**Kelly O. Hayes**
United States Attorney
for the District of Maryland

**Beatrice C. Thomas**
Assistant United States Attorney
U. S. Attorney's Office
District of Maryland
36 South Charles Street, 4th Fl.
Baltimore, Maryland 21201
(410) 209-4848

# TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

BACKGROUND .........................................................................................................3

REASONS TO DENY REHEARING EN BANC ....................................................5

I.  A petition for rehearing en banc is a strongly disfavored, extraordinary judicial action ...................................................................................................5

II.  The majority opinion correctly held that Appellant does not hold a liberty interest in the earning or application of ETCs ..............................................7

III.  The majority opinion properly relied on key words from the FSA, such as "earn," "successful participation," and "individualized assessment" to support its holding that Appellant, based on the record before it, did not show that he successfully participated in approved programming while at FCT Oklahoma City ..............10

IV.  Appellant's attempt to to expand the record is improper and does not undermine the majority's holding…………………………………………........................11

REASONS TO DENY REHEARING...................................................................14

CONCLUSION.........................................................................................................16

CERTIFICATE OF SERVICE ...........................................................................17

CERTIFICATE OF COMPLIANCE.................................................................18

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Blankston-Arkoful v. Sunrise Sr. Living Svcs., Inc.,*
   449 Fed. Appx. 263 (4th Cir. 2011) ...................................................................... 13

*Cheng v. United States,*
   132 F.4th 655 (2d Cir. 2025) ............................................................................ 9

*Dunlap v. Warden FMC Devens* No. 24-11462,
   2024 WL 5285006 (D. Mass Dec. 13, 2024) ...................................................... 15

*Harris v. Warden, FCI-Leavenworth,* No. 25-3006,
   2025 WL 1067634 (D. Kan. Apr. 9, 2025) ..........................................................15

*Kentucky Dep't of Corrections v. Thompson,*
   490 U.S. 454 (1989) ......................................................................................... 7

*Kvashuk v. Warden,* No. 23-007
   2024 WL 4349850 (D. N.H. Sept. 30, 2024) .......................................................14

*Mallette v. Arlington Cty. Emps. Supplemental Ret. Sys. II,*
   91 F.3d 630 (4th Cir. 1996).............................................................................. 7

*National Ass'n of Immigration Judges v. Owen,*
   160 F. 4th 100 (4th Cir. 2025) ......................................................................... 5

*Perevoznikov v. Stover,*
   747 F. Supp. 3d 329 (D. Conn Aug. 8, 2024) .................................................... 14

*Sedlacek v. Rardin,* No. 24-1254,
   2025 WL 948485 (6th Cir. 2025) .....................................................................9

*United States v. Howard,*
   42 F.4th 460 (4th Cir. 2022) ............................................................................ 13

*Vargas v. Rivers,* No. 24-10703,
   2025 WL 1380067, at *1 (5th Cir. 2025) ...........................................................9

*Younger v. Harper,*
   520 U.S. 143 (1997) ........................................................................................7

**Statutes**

18 U.S.C. § 3624 ................................................................................. 8

18 U.S.C. § 3631 .................................................................................8

18 U.S.C. § 3632 ............................................................... passim


**Rules**

Fed. R. App. P. 10 ...........................................................................12

Fed. R. App. P. 40 ........................................................................... 1

Local Rule 40 ...................................................................................1


**Other Authorities**

*En Banc Cases*, United States Court of Appeals for the Fourth Circuit,
    https://www.ca4.uscourts.gov/opinions/en-banc-cases ........................................ 6


First Step Act Approved Programs Guide, August 2025, *available at*
    https://www.bop.gov/inmates/fsa/docs/fsa-approved-program-guide.pdf?v=1.0.5
    ...................................................................................................... 13

## INTRODUCTION

This Court should deny William White's ("Appellant") petition for panel rehearing and rehearing en banc because the majority opinion correctly resolved a narrow, fact-bound dispute through a careful, text-driven analysis of the First Step Act ("FSA") and settled due process principles. Far from creating any conflict with Supreme Court precedent, this Court's precedent, or the decisions of sister circuits, the majority faithfully applied 18 U.S.C. § 3632(d)(4) as written and properly focused on the dispositive point the petition cannot overcome: earned time credits ("ETCs")[1] must be earned through actual successful participation in qualifying Evidenced Based Recidivism Reduction Programs ("EBRR") or productive activities ("PAs"). *See* Local Rule 40(b)(2)(A)-(D); Fed. R. App. P. 40(b)(2)(A)-(D); *see also* 18 U.S.C. § 3632(d)(4). Appellant William White ("Appellant") did not and still has not shown that he participated in any such approved programming during the brief period at issue while housed in transfer status at the Federal Transfer Center Oklahoma City ("FTC Oklahoma City") from July 21, 2022 – July 25, 2022. The majority examined the structure, language, and operation of the FSA in detail; considered Appellant's statutory and due process theories separately; and concluded

---

[1] 18 U.S.C. § 3632 provides for the application of Time Credits. Courts have used various terms for these time credits, such as "Federal Time Credits", or ("FTCs"); "Earned Time Credits" or ("ETCs"); or Time Credits. Hereinafter, these Time Credits will be referred to as "ETCs."

1

that neither entitled him to relief. That straightforward application of the statute based on the record before the Court is precisely the kind of ordinary panel decision that does not warrant the extraordinary remedy of rehearing, much less rehearing en banc. *See* Local Rule 40(a); Fed. R. App. P. 40(a).

Appellant's petition for rehearing en banc tries to recast the majority's opinion as conflicting and factually unsound, but the opinion is neither of those things. The majority carefully explained that the FSA ties ETCs to successful participation, completion, and individualized assessment, all of which confirm that Congress did not create an automatic day-for-day crediting regime untethered to actual programming. The opinion also reasonably rejected Appellant's attempt to transform the FSA's general directive that prisoners be given opportunities to participate in programming throughout their sentences into a mandate that credits be awarded even when no participation occurred, like during the short transfer period applicable here.

On the question of due process, the majority correctly recognized that the FSA's layered conditions, assessments, eligibility determinations, and application requirements defeat any claim of a protected liberty interest in the mere opportunity to earn credits.

Appellant improperly seeks to expand the record by citing to a heavily redacted psychological screening conducted on the day he arrived in Oklahoma—

2

material that was never put before the district court. More to the point, the notation that he received an "independent study workbook and puzzles" from a psychologist does not establish participation in a qualifying programming as authorized by BOP. In fact, the presumption of participation that this evaluation purports to establish creates a conflict with the actual record before this Court—he never requested programming while in transfer status.

Appellant's effort to elevate the dissent into a basis for further review likewise fails. The dissent reflects only disagreement over the approach concerning the earning of ETCs, not a showing that the majority misread the statute or created any inconsistency requiring en banc intervention. At bottom, the majority's published opinion is a persuasive application of the statutory text of the FSA and the record that was before it, and Appellant's petition offers no plausible extraordinary reason for this Court to disturb it. Accordingly, the petition for rehearing and rehearing en banc should be denied.

## BACKGROUND

Appellant is a federal inmate eligible to earn FSA ETCs through successful participation in qualifying EBRRs or PAs. *See* 18 U.S.C. § 3632(d)(4). The statute does not award credits automatically based on the passage of time or an inmate's willingness to participate. Rather, as the panel majority explained, the FSA repeatedly ties the earning of credits to actual successful participation in qualifying

3

programming, meaning that inmates must earn credits through participation in programs or activities that satisfy the statutory criteria. Majority Opinion ("Maj. Op.") at 7–8.[2]

Appellant filed a habeas petition arguing that the Bureau of Prisons ("BOP") should have awarded him FSA credits for the short period he spent at FTC Oklahoma City while in transit between institutions. Doc. 20, J.A. 4-10. The panel majority rejected that claim because the record before the district court contained no evidence that Appellant successfully participated in qualifying programming during that period, nor reflected any evidence that such programming was offered or requested while he was housed at the transfer center. Maj. Op. at 5–6. Because the FSA conditions the earning of credits on successful participation in qualifying programming, the absence of any such evidence was dispositive. *Id*.

The majority also rejected Appellant's statutory theory that credits must accrue whenever an inmate is merely willing to participate in programming, explaining that such a reading would sever the statutory link between earned credits and successful participation and improperly convert the FSA into an automatic credit-accrual regime that Congress did not enact. Maj. Op. at 8–9. Moreover, the Court found Appellant's procedural due process claim unpersuasive because the

---

[2] Citations herein refer to the slip opinion, which is available at ECF No. 41. The opinion can also be viewed at *White v. Warden*, 164 F.4th 326 (4th Cir. 2026).

earning of FSA credits is contingent on multiple statutory prerequisites—including successful participation in qualifying programming.  As such, Appellant lacked a protected liberty interest in receiving credits for a period in which those prerequisites were not met. Maj. Op. at 14–15.

## REASONS TO DENY REHEARING EN BANC

### I. A petition for rehearing en banc is a strongly disfavored, extraordinary judicial action.

Appellant boldly requests this Court to grant the extraordinary judicial measure of granting a rehearing en banc.  However, a "rehearing en banc is not favored and ordinarily will be allowed only if one of the criteria in Rule 40(b)(2)(A)-(D) is met."  Specifically, the panel's decision cannot conflict with: a decision of the Fourth Circuit; a decision by the United States Supreme Court; authoritative decisions by its sister circuits; and cannot involve one or more questions of exceptional importance that this Court incorrectly decided.  *See* Fed. R. App. P. 40(b)(2)(A)-(D). "Mere disagreement with the merits of a panel's decision is seldom sufficient grounds for deviating from our normal respect for panel adjudication." *Nat'l Ass'n of Immigrations Judges v. Owen,* 160 F.4th 100, 101 (4th Cir. 2025) (Wilkinson, J. concurring).

Requests for rehearing en banc should be the exception, not the rule. *Id.* ("Requests for polls are always framed as exceptional, but there comes a point in which the exceptional becomes more and more the rule, and the practice more and

5

more to our collective detriment.") This Court does not "enjoy the prerogative to decide whether a particular statutory program is 'functioning as Congress intended.'" *Id.* Accordingly, if a program is not functioning as Congress intended, it is the responsibility of Congress, not the Court, to fix the problem. *Id.*

This Court regularly denies petitions for rehearing en banc. *Id.* at 104-07 (Thacker, J. concurring). Specifically, since 2020, this Court has only decided twenty (20) petitions for rehearing en banc. *Id.* (citing *En Banc Cases*, United States Court of Appeals for the Fourth Circuit, https://www.ca4.uscourts.gov/opinions/en-banc-cases (last visited March 10, 2025). In the 2025 court calendar year, this Court heard only two (2) petitions for rehearing en banc, one of which is still pending decision. *Id.* On average, the Court only decides three (3) petitions for rehearing en banc per court calendar year. *Id.* The instant petition should not be one for this Court's 2026 calendar term as Appellant fails to meet his burden to demonstrate the worthiness of such an extraordinary request. The panel's decision does not conflict with any decision of this Court or the United States Supreme Court, nor does it diverge from the authoritative decisions of other circuits. To the contrary, the panel's reasoning aligns with and embraces the approaches adopted by the Second, Fifth, and Sixth Circuits. *See* Maj. Op. at 15. This case presents no question of exceptional importance that would justify the extraordinary step of rehearing the

matter before the full Court.  For these reasons, as well as those discussed in detail *infra,* rehearing en banc is unwarranted.

## II.     The majority opinion correctly held that Appellant does not hold a liberty interest in the earning or application of ETCs.

Appellant claims that the majority opinion has deviated significantly from Supreme Court, Fourth Circuit Court of Appeals, and other courts' precedents on the matter of due process such that it warrants the extraordinary judicial action of a rehearing en banc.  Appellant's Brief ("App. Br.") at 6-8.  Appellant is grossly mistaken.  Primarily, Appellant erroneously continues to attempt to analogize good conduct time ("GCT") and parole proceedings due process protections with the FSA and states that courts have consistently found that both are created by the fulfillment of certain conditions.  *See Kentucky Dep't of Corrs v. Thompson,* 490 U.S. 454, 462 (1989); *Young v. Harper,* 520 U.S. 143, 144-45 (1997).  He alleges that, in accordance with Fifth and Seventh Circuit Court of Appeals precedent, "the FSA creates a firm expectation that, if a prisoner complies with specified statutory conditions, he will automatically earn credits toward earlier release." App. Br. at 12; *see also* 18 U.S.C. § 3632(d)(4).  Appellant further maintains that Fourth Circuit precedent from twenty years before the FSA was even enacted in *Mallette* binds this Court to holding that once an inmate meets the conditions laid out in the FSA, he must receive ETCs.  Pet. Brief at 13; *see also Mallette v. Arlington Cty. Emps.' Supplemental Ret. Sys. II,* 91 F.3d 630 (4th Cir. 1996).  Not so.

7

As stated both on brief and at oral argument, and affirmed by the majority, unlike GCT and parole proceedings, Congress, *not the BOP*, provided a multi-step directive to the Attorney General, in consultation with the Director of the BOP, to (1) create and develop a risk and needs assessment that can accurately review and predict an individual's progression and regression while in prison and reflect their recidivism risk level; *see* 18 U.S.C. § 3631(a)(1)-(b)(1)– (4); (2) determine an individual inmate's recidivism risk level and specific needs under said risk and needs assessment; (3) determine whether the inmate is eligible, based on their count of conviction(s), pursuant to 18 U.S.C. § 3232 (d)(4)(D), to receive ETCs; (4) create and implement EBRR programs and PAs for inmates to "successfully participate" in; *see* 18 U.S.C. § 3631(b)(2); (5) determine whether the individual inmate is "successfully participating" in said EBRR programs or PAs; *see* 18 U.S.C. § 3232(a)(5); (6) determine whether the inmate is a low or minimum recidivism risk level utilizing Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"); *see* 18 U.S.C. § 3624(g); and (7) if the individual inmate is a low or minimum recidivism risk level utilizing PATTERN, determine whether the inmate has earned ETCs "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

ETCs are not, and were never intended to be, a handout. Rather, Congress specifically created the above conditions to ensure that inmates are properly

8

incentivized to reduce their recidivism by "successfully participating" in approved EBRR programs and PAs. The majority properly and logically affirmed this position. The majority held: "the earning and application of FSA time credits are contingent upon numerous conditions both within and outside of a prisoner's control" such that "the FSA does not create a statutory entitlement to those credits." Maj. Op. at 15. In reaching this decision, the majority joined the Second, Fifth, and Sixth Circuit Courts of Appeal that have addressed this issue and determined that the FSA does not create a protected liberty interest in the earning of FSA time credits. *Id.* (citing *Vargas v. Rivers,* No. 24-10703, 2025 WL 1380067, at *1 (5th Cir. May 13, 2025); *Sedlacek v. Rardin,* No. 24-1254, 2025 WL 948485, at * 1 (6th Cir. Jan. 21, 2025); *Cheng v. United States*, 132 F.4th 655, 659 (2d Cir. 2025)). Appellant accuses the majority of "misleadingly claim[ed] that it [was] 'joining' other circuits," because the *Vargas* court rejected the due process claims on other grounds and the *Cheng* court relied on Cheng being ineligible to receive ETCs to find no liberty interest. App. Br. at 9. Appellant's exercise in semantics fails to undermine the underlying holdings of these opinions: an inmate does not have a liberty interest in the earning or application of ETCs. Hence, the majority—joining with three other circuit courts—properly found that an inmate does not have a liberty interest in the earning or application of ETCs.

**III.** **The majority opinion properly relied on key words from the FSA, such as "earn," "successful participation," and "individualized assessment" to support its holding that Appellant, based on the record before it, did not show that he successfully participated in approved programming while at FTC Oklahoma City.**

Appellant accuses the majority of "assuming facts not in evidence," namely that Appellant did not and could not have participated in programming. App. Br. at 15. Accordingly, Appellant argues that this amounts to a factual error which warrants a rehearing en banc. Appellant is wholly incorrect. The majority relied on the plain reading of the FSA:

> **(4)Time credits.—**
> **(A)**In general.—A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
> **(i)**
> A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
> **(ii)**
> A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

*See* 18 U.S.C. § 3632(d)(4). Accordingly, the majority found:

> a prisoner's statutory right to FSA time credits is tied to his actual participating in qualified programming. And in the absence of evidence that White participated in programming during his three-day stay at the Transfer Center, the BOP did not have a statutory obligation to award him FSA time credits for those days.

10

Maj. Op. at 11. Although Appellant may disagree with the outcome reached by the majority, the majority did not go rogue when making its determination. Instead, the majority followed precedent from other courts which have reached similar conclusions and upheld the BOP's reasonable interpretation of "successful participation." *Id.*

Furthermore, both Appellant and the dissent assert that it should not be Appellant's burden to show that he was successfully participating in approved programming or show that he was in earning status during the period of time for which he requests credit, namely a period of approximately three days. *See* App. Br. at 14-15; Dissent at 27-28. Yet, Appellant and the dissent ignore that the plain language of the FSA requires the "earning" of ETCs; they are not a hand-out. *See* 18 U.S.C. § 3632(d)(4)(A). The majority is correct that:

> it would defy common sense and be inconsistent with the FSA to conclude that under such a scheme, a prisoner must be provided programming every single day. A prisoner often cannot receive programming while being taken to a hospital or even sick bay for medical care; or while being transported by bus to another prison or similar institution; or while being delivered to court, as required. Yet, the FSA also requires the BOP to fulfill these functions.

Maj. Opinion at 9.

## IV. Appellant's attempt to expand the record is improper and does not undermine the majority's holding.

Notably, Appellant does not just advance a theoretical opposition – he attempts to support his position by introducing documents outside the record in

11

violation of Rule 10 of the Federal Rules of Appellate Procedure. Appellant, presumably in an attempt to show, outside of the record, that he allegedly participated in programming while at FTC Oklahoma City, not only introduces into the record a declaration from himself, but also seeks to introduce a heavily redacted document entitled "Bureau of Prisons Psychology Services Brief R&D Screening" dated July 21, 2022 from FTC Oklahoma City. In reality, the document is so heavily redacted that the only two sentences that were conveniently unredacted are:

> Inmate WHITE was seen due to [redacted] that arose during the intake screening process at FTC Oklahoma City. . . . Brief counseling was provided regarding available coping strategies and management of time in transit, and an independent study workbook and puzzles were provided."

Pet. Brief at 26. Appellant also maintains that had the government "responded to [Appellant's] petition on the ground that he failed to show participation, he would have submitted the evidence in the appendix." App. Br. at 15, fn. 5. The mere fact that Appellant's litigation strategy evolved between the record below and the arguments on appeal does not permit him to introduce new factual information that was available at the time he filed his Petition. Not only do the documents, as presented, insufficiently support Appellant's contentions, but the introduction of these documents in the context of a petition for rehearing en banc blatantly disregards the F.R.A.P. which mandates that the "following items constitute the record on appeal:

12

(1) The original papers and exhibits filed in the district court;
(2) The transcript of the proceedings, if any; and
(3) A certified copy of the docket entries prepared by the district clerk."

*See* Fed. R. App. P. 10(a).  Although the Rules provide a fail-safe mechanism by which a party may supplement the record pursuant to Rule 10(e), "it does not grant a [party] a license to build a new record." *United States v. Howard,* 42 F.4th 460, fn. 3 (4th Cir. 2022).  Furthermore, none of the provisions in Rule 10(e) apply here. Appellee did not and will not agree to stipulate to the admission of the documents; the district court did not have the benefit to review such documents; and this Court is presumably learning of these documents for the first time as is Appellee.  *See* Fed. R. App. P. 10(e); *see also Blankson-Arkoful v. Sunrise Sr. Living Svcs, Inc.,* 449 Fed. Appx. 263 (4th Cir. 2011) (denying request to supplement the record).

Moreover, the documents also fail to show what Appellant contends they do. The Bureau of Prisons Psychology Services Brief R&D Screening document states that Appellant was provided with "independent study workbook and puzzles."  Doc. 43 at 26.  Nowhere in this document does it show that this workbook and puzzles were approved EBRR and PAs.  In fact, a list of approved EBRRs and PAs are available to the general public.  *See* First Step Act Approved Programs Guide, August 2025, *available at* https://www.bop.gov/inmates/fsa/docs/fsa-approved-program-guide.pdf?v=1.0.5 (last visited March 10, 2025).  "Puzzles" and "independent study workbooks" are nowhere to be found in this list, and Appellant

13

otherwise fails to show how these constitute approved, qualifying FSA programming.  Accordingly, the documents should be stricken from the record.

## REASONS TO NOT GRANT REHEARING

Appellant argues that a rehearing is necessary for the reasons set forth in his petition for rehearing en banc and requests a rehearing to "amend the opinion to remove the portions about the possible remedy and necessity of an assessment." App. Br. at 14.  Appellant asserts that the majority inappropriately addressed the requirement that a risk-and-needs assessment is a prerequisite to earning ETCs. Appellant relies on two out-of-circuit cases, *Perevoznikov v. Stover,* 747 F. Supp. 3d 329, 334-35 (D. Conn.  Aug. 8, 2024); and *Kvashuk v. Warden,* No. 23-cv-007-SE, 2024 WL 4349850, at *5 (D. N.H. Sept. 30, 2024) to support the position that a risk-and-needs assessment is not required to begin earning ETCs.  *Id.*  Additionally, Appellant avers that this issue is currently before this Court in *Benson v. Warden,* 24-6713 (4th Cir.) and before the First Circuit in *Miles v. Bowers,* 25-1291 (1st Cir.). App. Br. At 14-15.  Appellant contends that because the prerequisite was never briefed, "the gratuitous sentence should be deleted." App. Br. at 15.  But Appellant is mistaken, because the matter of prerequisite was in fact briefed.  *See* Doc. 33 at 14-25.

And more to the point, the FSA makes clear that the Director of the BOP is required to (1) create and develop a risk and needs assessment that can accurately

14

review and predict an individual's progression and regression while in prison and reflect their recidivism risk level; *see* 18 U.S.C. § 3631(a)(1)-(b)(1)–(4); and (2) determine an individual inmate's recidivism risk level and specific needs under said risk and needs assessment. As thoroughly explained in Appellee's brief, the risk-and-needs assessment aids the BOP in providing individual assessments and tailoring of programs. Doc. 33 at 17-18. Inmates cannot earn ETCs until their needs assessment are completed to determine which approved programming they must be placed in and they cannot have any ETCs applied until their recidivism risk level is determined pursuant to the PATTERN. *See Dunlap v. Warden FMC Devens*, No. 24-CV-11462-RGS, 2024 WL 5285006, at *7 (D. Mass. Dec. 13, 2024), *report and recommendation adopted*, No. CV 24-11462-RGS, 2025 WL 35248 (D. Mass. Jan. 6, 2025) ("There is nothing in the text . . . that can be read as suggesting that the EBRR programming to be "successfully complete[d]" could refer to anything other than the assigned EBRR programming described in the immediately adjacent sections of the statute."); *Harris v. Warden, FCI-Leavenworth*, No. 25-3006-JWL, 2025 WL 1067634, at *2 (D. Kan. Apr. 9, 2025) ("Under any reasonable interpretation, the FSA mandates credits only for successful completion of EBRR programming and productive activities that have been determined as appropriate and assigned to the prisoner in accordance with the particularized assessment of the prisoner's risk of recidivism."). Accordingly, requesting a rehearing to remove a

15

single line from an opinion that is factually and legally correct is nothing short of ludicrous.

## **CONCLUSION**

For the foregoing reasons, the Appellee respectfully requests that this Court deny and dismiss the petition for rehearing or rehearing en banc and reaffirm the judgment of the United States District Court for the District of Maryland.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/ Beatrice C. Thomas
Beatrice C. Thomas
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
410-209-4848
beatrice.thomas@usdoj.gov

*Counsel for Appellee, Warden, FCI - Cumberland*

16

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 12, 2026 the foregoing *Response to the Petition for Rehearing En Banc* was served on Appellant's counsel of record through the CM/ECF system.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

/s/ Beatrice C. Thomas
Beatrice C. Thomas
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
410-209-4848
beatrice.thomas@usdoj.gov

*Counsel for Appellee, Warden, FCI - Cumberland*

17

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 40(d)(3)(A) in that, according to the word-count feature of the word-processing system used to prepare this document (Microsoft Word for Microsoft 365), the brief contains 3,718 words, excluding the portions exempted by Rule 32(f).

Date: March 12, 2026

        /s/ Beatrice C. Thomas
Beatrice C. Thomas
Assistant United States Attorney
Counsel for Appellee